UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22942-Civ-WILLIAMS
MAGISTRATE JUDGE P. A. WHITE

MARVIN MORRIS,

    Plaintiff,

v.

FLORIDA, DEP'T OF CORR.,
et al.,

    Defendants.

REPORT OF
MAGISTRATE JUDGE
(DE#18)

    The plaintiff, Marvin Morris, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 alleging a denial of adequate medical treatment against numerous defendants.

    This matter is before the Court on Defendant Ortega's Motion to Dismiss the Complaint. (DE#18). Defendant alleges dismissal is appropriate as the complaint is improperly pled on behalf of a deceased party. (*Id.*:1). In support thereof, Defendant Ortega asserts that although plaintiff was alive when he first filed the complaint, upon his death, his claim for deliberate indifference converted to a "wrongful death claim" or "survival action" pursuant to Florida state law. (*Id.*:2). While Defendant Ortega acknowledges plaintiff's underlying claim was not ultimately extinguished upon his death, Ortega nonetheless maintains the claim, which has become either a wrongful death or survival action under Florida law, can only be maintained by the plaintiff's personal representative. Accordingly, Defendant Ortega concludes plaintiff's complaint needs to be dismissed or amended to conform with the pleading requirements of such actions. (*Id.*).

"Congress did not provide rules of survivorship for 1983 actions." See Hess v. Eddy, 689 F.2d 977, 980 (11th Cir. 1982). Due to the deficiency in the statute, federal courts have relied upon 42 U.S.C. §1988(a), which provides that in civil rights actions, where federal law is wanting, the courts should look to the laws of the states. See Robertson v. Wegmann, 436 U.S. 584, 588-89 (1978). That statute generally directs that, where federal law is deficient, the state law of the forum applies as long as it is "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. §1988(a).

The Supreme Court has interpreted §1988(a) as requiring a "three-step process" to determine the rules of decision applicable to civil rights claims. Wilson v. Garcia, 471 U.S. 261, 267 (1985)(superseded by statute on other grounds); Burnett v. Gratton, 468 U.S. 42, 47-48 (1984); Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1214 (11th Cir. 2001). Courts must first look to federal law "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." 42 U.S.C. §1988(a). Second, if federal law is "not adapted to the object" or is "deficient in the provisions necessary to furnish suitable remedies and punish offenses," courts must apply the law of the forum state. Id. Third, if application of state law is "inconsistent with the Constitution and laws of the United States," courts must not apply state law. Id.

The Eleventh Circuit has held that "the failure of §1983 to include a survivorship provision is not 'suitable to carry [that statute] into effect' and is 'deficient' in providing suitable remedies for civil rights violations." See Estate of Eugene Donjuall Gilliam v. City of Prattville, et al., 639 F.3d 1041, 1045 (11th Cir. 2011). In fact, the Supreme Court has determined that

2

§1983 is deficient in not providing for survivorship. See Robertson, 436 U.S. at 588; see also, Brazier v. Cherry, 293 F.2d 401, 407-08 (5th Cir. 1961).

In Robertson v. Hecksel, the Eleventh Circuit addressed a section 1983 claim brought by a decedent's mother against the police officer and police department that she claimed were responsible for killing her adult child. Robertson v. Hecksel, 420 F.3d 1254, 1256 (11th Cir. 2005). The mother sought damages for loss of support, companionship, and past and future mental pain and suffering due to a deprivation of her Fourteenth Amendment right to a relationship with her child. Id. The Court held that a parent does not have a constitutional right of companionship with an adult child. Id. at 1259-60. The Court also addressed the applicability of state law pursuant to the borrowing provision of 42 U.S.C. §1988. Id. at 1260-61.

The Robertson Court rejected the plaintiff's application of section 1988 to a section 1983 claim for her constitutional rights, but noted that a plaintiff could seek a vindication of the decedent's constitutional rights under section 1983. Id. at 1261 citing Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961) and Carringer v. Rodgers, 331 F.3d 844 (11th Cir. 2003). The Court explained that when a section 1983 claim relies on the rights of the decedent, a plaintiff is essentially bringing a wrongful death suit under federal law. Id.; see also Brazier, 293 F.2d at 409 (Georgia's wrongful death statute is incorporated into federal law under section 1988).

In Continental Nat'l Bank v. Brill, 636 So.2d 782 (Fla. 3d DCA 1994), the Third District Court of Appeal of Florida discussed Florida's wrongful death statute. In doing so, the Brill court

3

observed:

> Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate. The personal representative must bring a single action to recover damages for all beneficiaries. Damages are to be awarded to the survivors and to the estate in accordance with the parameters of recovery set by section 768.21.

Id. at 784 (citations omitted). Those parameters permit recovery for (1) the estate; (2) the surviving spouse; (3) the minor children, and all children if there is no surviving spouse; (4) each parent of a deceased minor child and (5) each parent of an adult child if there are no other survivors. Florida Statutes §§768.20-21.

In this case, those plaintiffs having standing to sue under Florida's wrongful death law and may bring claims for alleged violations of the decedent's constitutional rights.

However, as highlighted by Robertson, the remedy for section 1983 is drawn from state wrongful death law. See Robertson v. Hecksel, 420 F.3d at 1261; see also Brazier, 293 F.3d at 409. In other words, there appears to be no reason for the personal representatives to bring a state wrongful death claim unless they wish to pursue that legal theory. However, they can proceed on the 1983 action.

Here, it is possible that the personal representative may wish to preserve the lawsuit and that the complaint be amended to substitute that individual(s) if the defendant caused the plaintiff's death.

As discussed in depth in this Court's April 28, 2015 Order (DE#17), the proper mechanism for effecting the substitution of the personal representative requires two conditions. First, a formal statement of death must be placed on the record by one with the authority to do so. Defendant has complied with this particular requirement. (See DE#15). **Second, the statement of death must be properly served pursuant to Rule 25(a)(3). There is nothing in the record to indicate that service of the suggestion of death has been effectuated on the decedent's successor(s) or personal representative(s). Until such time as both of these conditions are satisfied and the 90-day deadline has lapsed, dismissal under Rule 25(a) is not triggered.**

Although Defendant Ortega is correct in so far that plaintiff's claim cannot survive without amendment of the pleadings to conform with the requirements of such an action, at this stage, the complaint is not "improperly pled" as neither decedent's successor(s) or personal representative(s) have been afforded an opportunity to move for substitution of party. Accordingly, Defendant Ortega's motion to dismiss on the basis asserted therein is premature.

Moreover, the defendant is advised that the Court finds the instant motion to dismiss to be a waste of judicial time and resources. Prior to filing the motion to dismiss, this Court entered an Order explaining in explicit detail the procedures necessary to continue moving this matter forward. Filing frivolous motions convolutes the docket and delays a resolution of any pending motion and ultimately the case.

## Conclusion

Based on the foregoing, it is therefore recommended that Defendant Ortega's Motion to Dismiss Plaintiff's Complaint (DE#18) be DENIED as premature.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 4th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Marvin Morris, Pro Se
      DOC# 043151
      South Florida Reception Center
      Inmate Mail/Parcels
      14000 NW 41st Street
      Doral, FL 33175

      Mary Katherine Hunter, Esq.
      Chimpoulis Hunter & Lynn
      150 South Pine Island Road
      Suite 510
      Plantation, FL 33324